UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(COLUMBUS DIVISION)

FILED
JAMES BONINI
CLERK

2012 AUG -9 PM 2:02

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| ABC, Inc., | ) | CASE NO. 2:12-cv-722 |
| | ) | |
| Plaintiff, | ) | JUDGE SARGUS |
| | ) | |
| vs. | ) | |
| | ) | |
| DEF, Inc. | ) | MAGISTRATE JUDGE ABEL |
| GHI, LLC, | ) | |
| JKL, Inc. | ) | |
| MNO, LLC, and | ) | |
| PQR, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## REDACTED COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF ABC, INC. ("ABC" or the "Plaintiff"), by its counsel THE GIOCONDA LAW GROUP PLLC, complains and alleges against DEFENDANTS DEF, INC., GHI LLC, JKL, INC., MNO LLC, and PQR, INC. (the "Defendants"), as follows:

## SUMMARY OF THE CASE

1.  ABC is a Delaware corporation with a principal place of business in New Jersey.

2.  For over a decade, as a successful and reliable vendor, ABC designed and supplied high quality products to the Defendants.

3.  In 2001, ABC and DEF entered into an Agreement that provided, *inter alia*, that ABC must keep even the existence of this contract confidential.

4.  The Defendants are engaging in false advertising by misleading consumers about the nature and quality of the goods that they are offering for sale as those designed and

previously supplied by ABC, by falsely depicting ABC's products on the packaging, when they are actually selling cheaper, lower quality "knockoffs."

5. Second, upon information and belief, Defendant DEF, Inc. is materially breaching its written agreement with ABC by, *inter alia*, directly contacting ABC's suppliers, and by unlawfully using the Plaintiff's proprietary information when doing so, in order to reduce or eliminate the volume of sales conducted through ABC.

6. Third, Defendant DEF, Inc. is delaying processing its usual orders, until and unless ABC accedes to a variety of unreasonable demands. One particular demand includes the parties entering into a new Agreement under which ABC would be required to cede ownership of its own proprietary information, patents and other intellectual property.

7. ABC therefore seeks preliminary and permanent injunctive relief, destruction of infringing articles, damages, corrective advertising, as well as reasonable attorneys' fees and costs.

## PARTIES AND JURISDICTION

8. PLAINTIFF ABC, INC. ("ABC") is a Delaware corporation.

9. Upon information and belief, DEFENDANT DEF, INC. is a Delaware corporation with a principal place of business located in this Judicial District. Defendant DEF is a party to the Amended MSA.

10. Upon information and belief, DEFENDANT GHI, LLC is a Delaware limited liability company with a principal place of business in this Judicial District.

11. Upon information and belief, DEFENDANT JKL, INC. is a Delaware corporation with a principal place of business located in this Judicial District.

12. Upon information and belief, DEFENDANT MNO LLC is a Delaware limited liability company with a principal place of business located in this Judicial District.

13. Upon information and belief, DEFENDANT PQR, INC. is a Delaware corporation with a principal place of business located within this Judicial District. Upon information and belief, Defendant PQR, Inc. is directly and/or indirectly involved in managing the retail and online business of the other Defendants.

14. This Court has original federal question jurisdiction and supplemental jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a).

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because the Defendants are all present and doing business in this District. Venue is also proper in this District under 28 U.S.C. § 1391(b)(1) and 1391(c) because the Defendants are subject to personal jurisdiction in this District, and are selling the accused products to consumers in this District. Additionally, the parties thereto specifically consented to personal jurisdiction in this District for any and all disputes arising out of any breach of the Amended MSA.

## FACTUAL BACKGROUND

16. The parties to the Amended MSA have operated at all times with the understanding that the Amended MSA is in full force and effect, and neither has terminated their respective rights or obligations thereunder.

17. In the Amended MSA, DEF is defined as the "Buyer" and ABC as the "Seller."

18. The Amended MSA provides in relevant part, that:

Buyer acknowledges and agrees that, to the extent Seller specifically identifies to Buyer one or more manufacturers, factories or other suppliers (collectively, "Suppliers") from which Seller obtains for Buyer Goods, or material or components for Goods, for the purpose of complying with Seller's disclosure obligations under the MSA, Buyer will use such information solely for the purposes contemplated by the MSA and will not use such

3

information for the purpose of dealing directly with such Suppliers for the purpose of eliminating or reducing the volume of business transacted with Seller.

19. Upon information and belief, aware of Defendant DEF, Inc.'s obligations, in order to eliminate or reduce the volume of business transacted with ABC and to unlawfully increase their own profits at ABC expense, the Defendants have been directly and/or indirectly contacting ABC's Suppliers.

20. Upon information and belief, the Defendants have utilized ABC's designs and proprietary information when unlawfully contacting such Suppliers.

21. Upon information and belief, consumers are reasonably relying on the photographs of the higher quality genuine ABC-designed products depicted on the packaging, and on past experiences with purchasing the higher quality of ABC's products from Defendants, when making their purchasing decisions.

22. However, as described herein, consumers are instead receiving lower quality "knockoffs" from the Defendants that were not designed by ABC as depicted on the packaging, nor manufactured to the higher standards maintained by ABC.

23. ABC and the public have been, and are likely to continue to be damaged and harmed by the Defendants' literally false and/or misleading conduct as described herein.

24. Therefore, this action seeks preliminary and permanent injunctive relief, damages reasonable attorneys' fees and costs because of DEF's: (i) breach of contract; and (ii) breach of contract through violation of the duty of good faith and fair dealing; and all Defendants' acts of: (iii) false advertising, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) deceptive trade practices in violation of Ohio Revised Code, Title XLI, Section 4165; (v) false advertising in violation of New York General Business Law, § 350 (vi) consumer fraud in violation of New Jersey law; (vii) deceptive trade

practices in violation of the Connecticut Unfair Trade Practices Act; (viii) unfair trade practices in violation of Pennslyvania law; and (viii) unfair competition and false advertising in violation of the California Business & Professions Code (UCL) §§ 17200 et seq.

### FIRST CLAIM FOR RELIEF

### (AGAINST DEFENDANT DEF, INC.)

### BREACH OF CONTRACT UNDER OHIO LAW

25. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. The Amended MSA was, at all times, in full force and effect.

27. The Amended MSA obligated DEF, Inc. to, *inter alia,* refrain from using certain information for the purpose of dealing directly with such Suppliers for the purpose of eliminating or reducing the volume of business transacted with Seller.

28. On information and belief, DEF Inc., in active concert and participation with other Defendants, has engaged in a course of conduct that materially breaches numerous of its obligations under the Amended MSA, including but not limited to dealing directly with Suppliers for the purpose of eliminating or reducing the volume of business transacted with ABC.

29. ABC has, at all times, been ready, able and willing to perform all services required under the Amended MSA.

30. Defendants' acts have caused, and will continue to cause, irreparable and economic injury to ABC.

31. ABC has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

### (AGAINST DEFENDANT ABC, INC.)

### BREACH OF CONTRACT FOR VIOLATION OF THE
### DUTY OF GOOD FAITH AND FAIR DEALING UNDER OHIO LAW

32. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 31 above as if fully set forth herein.

33. Defendant DEF, Inc., by the conduct complained of herein, has breached its contractual obligations by violating the duty of good faith and fair dealing owed to ABC.

34. ABC has been damaged by DEF, Inc.'s breach of the duty of good faith and fair dealing, and is entitled to damages from Defendant DEF Inc.

35. DEF, Inc.'s acts have caused, and will continue to cause, irreparable and economic injury to ABC.

36. ABC has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

## THIRD CLAIM FOR RELIEF

### (AGAINST ALL DEFENDANTS)

### FALSE DESIGNATION OF ORIGIN,
### FALSE ADVERTISING AND UNFAIR COMPETITION
### IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

### (15 U.S.C. § 1125(A))

37. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 36 above as if fully set forth herein.

38. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(1)(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

39. By making unauthorized use, in interstate commerce, of photographs of ABC's products on packaging in connection with inauthentic, low quality knockoffs, the Defendants have falsely misrepresented the nature, characteristics and/or qualities of its goods, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

40. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

41. The Defendants' acts have caused and will continue to cause irreparable and economic injury to ABC. ABC has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF

### (AGAINST ALL DEFENDANTS)

### FALSE ADVERTISING AND DECEPTIVE TRADE PRACTICES UNDER OHIO LAW

### (OHIO REVISED CODE, TITLE XLI, SECTION 4165)

42. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 41 above as if fully set forth herein.

43. Title XLI, Section 4165.02 of the Ohio Revised Code provides, in relevant part, that:

> (A) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person does any of the following:
> (1) Passes off goods or services as those of another;…

7

    (9) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

  44. The Defendants' conduct as described herein constitutes deceptive trade practices under the Ohio Revised Code, Title XLI, Section 4165.

  45. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

  46. The Defendants' acts have caused and will continue to cause irreparable and economic injury to ABC. ABC has no adequate remedy at law and is thus damaged in an amount yet to be determined.

### FIFTH CLAIM FOR RELIEF
### (AGAINST ALL DEFENDANTS)
### FALSE ADVERTISING UNDER NEW YORK LAW
### (NEW YORK'S GENERAL BUSINESS LAW § 350)

  47. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 46 above as if fully set forth herein.

  48. Section 350 of New York General Business Law, Article 22 provides that:

    False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

  49. Section 350-a defines false advertising as advertising, including labeling, that is misleading in a material respect.

  50. The Defendants' conduct as described herein constitutes false advertising under New York General Business Law, Article 22.

  51. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

8

52. The Defendants' acts have caused and will continue to cause irreparable and economic injury to ABC. ABC has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## SIXTH CLAIM FOR RELIEF

### (AGAINST ALL DEFENDANTS)
### CONSUMER FRAUD IN VIOLATION OF NEW JERSEY LAW
### (NEW JERSEY'S CONSUMER FRAUD ACT, SECTION 56)

53. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

54. Section 56:8-2.2of the New Jersey Consumer Fraud act provides that the advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised is an unlawful practice and a violation of the Consumer Fraud Act.

55. The Defendants' conduct as described herein constitutes a violation of New Jersey's Consumer Fraud Act, Section 56.

56. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

57. The Defendants' acts have caused and will continue to cause irreparable and economic injury to ABC. ABC has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## SEVENTH CLAIM FOR RELIEF

### (AGAINST ALL DEFENDANTS)

### DECEPTIVE TRADE PRACTICES UNDER CONNECTICUT UNFAIR TRADE PRACTICES ACT

### (CT UNFAIR TRADE PRACTICES ACT, §§ 42-110A TO 42-110Q; §§ 42-144 TO 42-149)

58. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 57 above as if fully set forth herein.

59. The Connecticut Unfair Trade Practices Act, §§ 42-110a to 42-110q; §§ 42-144 to 42-149), prohibits deceptive trade practices:

> (a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.

60. The acts of the Defendants complained of herein constitute unfair and deceptive trade practices in violation of Connecticut Unfair Trade Practices Act.

61. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

62. The Defendants' acts have caused and will continue to cause irreparable and economic injury to ABC. ABC has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## **EIGHTH CLAIM FOR RELIEF**

### (AGAINST ALL DEFENDANTS)

### VIOLATION OF PENNSLYVAIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

### (UTPCPL PA. STAT. ANN. TIT. 73 § 201-1 to 201-9.2)

63. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 62 above as if fully set forth herein.

64. Pennsylvania prohibits acts of unfair competition and/or false advertising under UTPCPL Stat. Ann. Tit. 73, UTPCPL PA. STAT. ANN. TIT. 73 § 201-1 to 201-9.2.

65. Specifically, the conduct complained of herein violates, *inter alia,* UTPCPL Stat. Ann. Tit. 73, UTPCPL PA. STAT. ANN. TIT. 73 § 201-1 to 201-9.2.

66. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

67. The Defendants' acts have caused and will continue to cause irreparable and economic injury to ABC. ABC has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## **NINTH CLAIM FOR RELIEF**

### (AGAINST ALL DEFENDANTS)

### UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE

### (UCL §§ 17200 ET SEQ.)

68. ABC hereby repeats each and every allegation set forth in paragraphs 1 to 67 above as if fully set forth herein.

69. California Law prohibits acts of unfair competition and/or false advertising under California Business & Professions Code (UCL) §§ 17200 et seq.

70. The acts of the Defendants complained of herein constitute unfair competition and false advertising in violation of UCL § 17200 et seq.

71. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

72. The Defendants' acts have caused and will continue to cause irreparable and economic injury to ABC. ABC has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays:

1. For a **FINAL JUDGMENT** that:

    a. Defendant DEF, Inc. has materially breached its Amended MSA with ABC;

    b. The Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. The Defendants have engaged in false advertising and deceptive trade practices in violation of the laws of the State of Ohio;

    d. The Defendants have engaged in false advertising in violation of the laws of the State of New York;

    e. The Defendants have engaged in consumer fraud in violation of the laws of the State of New Jersey;

    f. The Defendants have engaged in deceptive trade practices in violation of the laws of the State of Connecticut;

    g. The Defendants have engaged in unfair competition and false advertising in violation of Pennsylvania law;

      h. The Defendants have engaged in unfair competition and false advertising in violation of the laws of the State of California; and

      i. That the above acts were done willfully, and/or intentionally.

2. For entry of an **ORDER** permanently enjoining and restraining the Defendants, and their officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them, from:

      a. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of the Plaintiff, or sponsored by or associated with the Plaintiff, and from offering such goods into commerce;

      b. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by the Defendants are in any manner associated or connected with the Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by the Plaintiff;

      c. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

3. For entry of a **FURTHER ORDER** requiring the Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of the

law hereunder, and to ameliorate the false and deceptive impressions produced by such violations;

4. For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold or otherwise circulated or promoted by the Defendants are authorized by the Plaintiff or related in any way to the Plaintiff's products, including but not limited to, destruction of the infringing articles;

5. For an assessment of all **DAMAGES** suffered by the Plaintiff in no amount less than **fifteen million dollars ($15,000,000.00)**, including infringing profits, costs and reasonable attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and punitive damages to the full extent available under the law.

6. For **COSTS OF SUIT**, and for such other and further relief as the Court shall deem appropriate.

Date: August 8, 2012	Respectfully submitted,

*[signature]*

Stephen M. Bales (0003380)
Nicholas C. De Santis (0079877)
ZIEGLER METZLER LLP
925 Euclid Avenue, Suite 2020
Cleveland, OH 04115-1441
(216) 781-5470; Fax: (216) 781-0714
Email: sbales@zieglermetzger.com
       desantis@zieglermetzger.com

Joseph C. Gioconda
(admission *pro hac vice* to be filed)
Jonathan A. Malki
(admission *pro hac vice* to be filed)
THE GIOCONDA LAW GROUP PLLC
One Penn Plaza, 36th Floor
New York, NY 10119-0002
Telephone: (212) 786-7549
Facsimile: (888) 697-9665

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610
Joseph.Gioconda@GiocondaLaw.com

*Attorneys for Plaintiff*
*ABC, INC. (Identity Redacted)*